IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:26cr378 |
| | ) | |
| v. | ) | 18 U.S.C. § 641 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| APRIL KATHLEEN DURHAM WHITE | ) | 28 U.S.C. § 2461(c) |
| | ) | 42 U.S.C. § 1383a(a)(3) |
| | ) | |
| | ) | |
| | ) | **INDICTMENT** |
| | ) | |

BACKGROUND

At times material to this indictment:

SUPPLEMENTAL SOCIAL SECURITY INCOME PROGRAM

1.     The Social Security Act established a number of programs, including the Supplemental Security Income Program (SSI), that pay benefits to individuals with limited income and resources who are disabled, blind, or over 65 years old.

2.     The Social Security Administration, an agency of the United States, administers the SSI.

3.     Supplemental Security Income benefits are paid from the general fund of the United States Department of Treasury.

4.     An individual is eligible for SSI benefits if the individual was disabled, blind, or aged and had limited income or resources.

5.     The Social Security Administration appoints a representative payee to manage benefits for individuals unable to manage their own finances.

**RECEIVED**

APR 2 8 2026

FLORENCE, S.C.

1

## THE SCHEME AND ARTIFICE

6.     On or about February 18, 2005, APRIL KATHLEEN DURHAM WHITE applied for and became the representative payee for SSI for her mother, the Deceased Payee, known to the Grand Jury.

7.     According to SSA guidelines communicated at the time of APRIL KATHLEEN DURHAM WHITE's appointment, and in numerous written communications over the next approximate two decades, representative payees must report, among other information, the death of the beneficiary.

8.     Deceased Payee died sometime between August 3 to August 6, 2018, in Fairfield County, South Carolina.

9.     Since Deceased Payee's death in 2018, SSA provided numerous written communications to APRIL KATHLEEN DURHAM WHITE at her home address regarding the SSI benefits being paid for Deceased Payee's care.

10.     On or about March 1, 2023, the South Carolina death match audit, conducted by the SSA's Business Intelligence and Analytics Division (BIAD), determined Deceased Payee died between August 3, 2018, and August 6, 2018, and that beneficiary payments continued into the custodial bank account of Deceased Payee until March 2023.

11.     From the time of Deceased Payee's death in August 2018 until the SSA Fraud Examination Team discovered her death in March 2023, APRIL KATHLEEN DURHAM WHITE failed to disclose Deceased Payee's death. APRIL KATHLEEN DURHAM WHITE also provided a false report, via a Medicare telephonic application, and address updates, all indicating that Deceased Payee was still alive. APRIL DURHAM WHITE continued to collect Deceased Payee's SSI benefits after her death in an amount totaling approximately $44,147.56, an amount to which she was not entitled.

## COUNT 1
(Theft of Government Property)

**THE GRAND JURY CHARGES:**

12.     Paragraphs 1 through 11 are incorporated herein by reference as describing a scheme and artifice to defraud.

13.     From on or about September 2018 through on or about March 2023, in the District of South Carolina, the defendant, APRIL KATHLEEN DURHAM WHITE, willfully and knowingly did embezzle, steal, and purloin money of the Department of Treasury, a department or agency of the United States, namely, Supplemental Security Income payments to which she knew she was not entitled, having a value more than $1,000.

In violation of Title 18, United States Code, Section 641.

## COUNT 2
(Supplemental Security Income Fraud)

**THE GRAND JURY FURTHER CHARGES:**

14.     Paragraphs 1 through 11 are incorporated herein by reference as describing a scheme and artifice to defraud.

15.     From on or about September 2018 through on or about March 2023, in the District of South Carolina, the defendant, APRIL KATHLEEN DURHAM WHITE, having knowledge of the occurrence of any event affecting her initial and continued right to any such benefit of any other individual on whose behalf she has applied for or is receiving such benefit, concealed and failed to disclose such event with an intent to fraudulently secure such benefit in either a greater amount or quantity than was due or when no such benefit was authorized.

All in violation of Title 42, United States Code, Section 1383a(a)(3)

3

## **<u>FORFEITURE</u>**

<u>THEFT OF PUBLIC MONEY</u>:

Upon conviction for violation of Title 18, United States Code, Section 641 as charged in this Indictment, the Defendant, APRIL DURHAM WHITE, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense.

<u>PROPERTY</u>:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the violation charged in this Indictment includes, but is not limited to, the following:

<u>Proceeds/ Forfeiture Judgment</u>:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly from the offense charged in the Indictment, that is, a minimum of approximately $44,147.56 in United States currency, and all interest and proceeds traceable thereto for his violation of 18 U.S.C. § 641.

<u>SUBSTITUTE ASSETS</u>:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant –

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third person;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or
(e)     has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

4

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A _True_ BILL

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By:_____
Kerry B. McTigue  ID No 7679
Special Assistant United States Attorney
1441 Main Street, Suite 500
Columbia SC 29201
Tel: (803)929-3065
Fax: (803)254-2912
Email: Kerry.mctigue@usdoj.gov